UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EXUMINA LINARES MARQUEZ,<br><br>  Petitioner,<br><br>  v.<br><br>CHRISTOPHER CHESTNUT,<br><br>  Respondents. | No. 1:26-cv-00988-DAD-CSK<br><br>ORDER GRANTING PETITIONER'S PETITION FOR WRIT OF *HABEAS CORPUS* AND DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT<br><br>(Doc. Nos. 1, 2) |

On February 4, 2026, petitioner filed a petition for writ of *habeas corpus* and motion for temporary restraining order. (Doc. Nos. 1, 2.) On the same day, the court issued an ordering directing respondents to file an opposition to petitioner's motion in which respondents would "substantively address whether any provision of law or fact in this case would distinguish it from this court's decision in *Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025), and other similar cases previously decided by this court, or otherwise indicate that the matter is not substantively distinguishable." (Doc. No. 6.)

In their opposition, respondents do not address the court's prior order in *Cajina* as they were directed to do. (Doc. No. 9.) Instead, they merely argue that petitioner is an applicant for admission who is subject to mandatory detention under § 1225(b)(2) and that the government's

1

1  prior decision to release petitioner does not change this fact.  (*Id.* at 2.)  Respondents also appear
2  to submit on their briefing in opposition to a preliminary injunction and the petition for *habeas*
3  *corpus*.  (*Id.*) (moving to dismiss the pending petition and stating that the "petition for writ of
4  habeas corpus, motion for a preliminary injunction, and motion for a temporary restraining order
5  should be denied").

6  It is undisputed that petitioner originally entered the United States on or about February 1,
7  2022, was briefly detained by immigration officials, and then subsequently released from custody
8  on her own recognizance. (Doc. Nos. 1 at ¶ 2; 9 at 7.)  Petitioner has an appeal of an order of
9  removal pending before the Board of Immigration Appeals (Doc. No. 9 at 7), so she is not subject
10 to a final order of removal.  *Mendoza v. Warden of the Golden State Annex*, No. 1:25-cv-2030-
11 CSK, 2026 WL 310116, at *5 (E.D. Cal. Feb. 5, 2026) ("Here, petitioner's appeal before the BIA
12 is pending.  Thus, petitioner is not subject to a final order of removal and is not detained under 8
13 U.S.C. § 1231.").

14 On January 19, 2026, petitioner was arrested for driving under the influence ("DUI").
15 (Doc. No. 9 at 7.)  Charges are currently pending as a result of that arrest.  (*Id.* at 22.)  On January
16 23, 2026, petitioner was re-detained at an ICE office after she was instructed to report in-person.
17 (*Id.* at 7.)  Respondents assert that petitioner was re-detained because of her recent DUI arrest.
18 (*Id.* at 2.)  There is no indication that petitioner was provided with prior notice that ICE would re-
19 detain her nor is there any indication that she was provided with a hearing before she was taken
20 into custody.

21 The court recently concluded under substantially similar circumstances that re-detaining
22 an individual for a pending DUI charge without prior notice or a hearing violates due process.
23 *See Monsalve v. Chestnut*, No. 1:26-cv-00626-DAD-CKD, 2026 WL 242066, at *2 (E.D. Cal.
24 Jan. 29, 2026).  The court therefore adopts the reasoning outlined in *Monsalve* and concludes that
25 petitioner's detention violates due process.

26 Accordingly, for the reasons explained above,
27 1. Petitioner's petition for writ of *habeas corpus* (Doc. No. 1) is GRANTED as
28    follows:

      a.    Respondents are ORDERED to immediately release petitioner from respondents' custody on the same conditions she was subject to immediately prior to her re-detention on January 23, 2026;

      b.    Respondents are ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, where respondents will have the burden of establishing that petitioner presents a flight risk or danger to the community;

      c.    Petitioner's request for attorneys' fees and costs pursuant to 28 U.S.C. § 2412 is DENIED without prejudice to renewal on a properly noticed and supported motion seeking such fees and costs.

2. Petitioner's motion for temporary restraining order (Doc. No. 2) is DENIED as having been rendered moot by this order;

3. The Clerk of the Court is directed to ENTER judgment in favor of petitioner; and

4. The Clerk of the Court is directed to CLOSE this case.

IT IS SO ORDERED.

Dated:   **February 6, 2026**                  */s/ Dale A. Drozd*
                                                           DALE A. DROZD
                                                           UNITED STATES DISTRICT JUDGE